# IN THE COURT OF APPEALS OF IOWA

No. 15-1099
Filed August 19, 2015

**IN THE INTEREST OF T.W.,**
**Minor Child,**

**J.W., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A father appeals a juvenile court order removing a child from his custody. **AFFIRMED.**

Mark Fisher, of Nidey, Erdahl, Tindal & Fisher, P.L.C., Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Kelly Kaufman, Assistant County Attorney, for appellee State.

Cynthia S. Finley, Cedar Rapids, for appellee Mother.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, P.J.**

A father appeals a juvenile court order removing a child from his custody.

### I. Background Facts and Proceedings

The parents of T.W., born in 2013, have a lengthy history of abusing or neglecting their children, as detailed in a prior opinion of this court, *In re T.W.*, No. 13–0883, 2013 WL 3864590 (Iowa Ct. App., July 24, 2013). T.W. was removed from the parents' custody at birth and was adjudicated in need of assistance. *T.W.*, 2013 WL 3864590, at *2. In a subsequent dispositional order, the juvenile court rejected an agreement between the parents and the Iowa Department of Human Services to return the child to his parents under the protective supervision of the department, but ordered the department to implement services for the family immediately. The court expressed hope that, with available services, the child could be returned to the parents' custody.

We affirmed this dispositional order. *Id.*

Shortly thereafter, the juvenile court ordered legal custody of the child returned to the mother under the protective supervision of the department. In time, the mother was arrested and jailed on a theft charge and the district court modified the order to place custody of the child with the father. The court ordered that visitation between the child and his mother be "fully supervised by" the department, stated the father was "<u>not</u> authorized to supervise any contact between" the mother and child, and stated the mother was not to "be at the child's residence at any time."

Initially, the father appeared to abide by these restrictions. Later, the department learned of violations. The juvenile court removed the child from the

father and modified the dispositional order to place custody of the child with the department.

On appeal, the father contends the court erred in (1) modifying the dispositional order, (2) continuing the emergency removal, and (3) "fail[ing] to place [the child] in the least restrictive placement." On our de novo review, we are persuaded the juvenile court got it right.

As the juvenile court found, the parents were dishonest about their ongoing relationship. They had another child in 2015, lived together "for periods of time" in 2014, and "co-parent[ed] their children" in violation of "the court's protective orders."

The parents also returned to the conduct that precipitated the child's adjudication as a child in need of assistance. The mother, who had a lengthy substance abuse history, relapsed. The father, who had a history of domestically abusing the mother, abused her again.

At the hearing on the application to modify the dispositional order, the mother's community treatment coordinator testified the mother "indicated right from the beginning that she resided with [the father]." Indeed, the mother listed the father's residential address as her own. The treatment coordinator was unaware of the court order prohibiting the mother from living at this apartment. While she acknowledged she did not see the couple together, a department case manager essentially confirmed the parents' co-residence. She reported arriving at the father's apartment, seeing the father in a car with another person, watching the father "[take] off" and then return and park, and meeting the father at the car, sans the other person with the child, who was "crying for mommy."

Based on the father's violation of the protective orders disallowing him from facilitating visits with the child and from allowing the mother to live in his apartment, we conclude the juvenile court appropriately modified the dispositional order to remove the child from his custody. *See* Iowa Code § 232.102(5)(a)(2) (2015) (stating custody of child should not be transferred unless the court finds child "cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available").

The father's challenge to the emergency removal order fails for the same reasons. Additionally, we stated in our last opinion involving this child, we question whether this challenge is moot. *See T.W.*, 2013 WL 3864590, at *2 n.1.

Finally, we are not persuaded there was a less restrictive placement for the child than foster care. While the father wished to have the child placed with relatives, a child protection worker counseled against this option, stating the father would not follow the expectations of a relative placement.

We affirm the juvenile court's modification of the dispositional order.

**AFFIRMED.**